No. 24-3518

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

STUART REGES,

*Appellant*,

v.

ANA MARI CAUCE, in her official capacity as President of the University of Washington; MAGDALENA BALAZINSKA, in her official and individual capacities as Director of the Paul G. Allen School of Computer Science & Engineering; DAN GROSSMAN, in his official and individual capacities as Vice Director of the Paul G. Allen School of Computer Science & Engineering; NANCY ALLBRITTON, in her official and individual capacities as Dean of the College of Engineering,

*Appellees*.

APPEAL FROM UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF DISTRICT OF WASHINGTON
No. 2:22-CV-00964-JHC, Hon. John H. Chun

***AMENDED* MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE UAW LOCAL 4121 IN SUPPORT OF APPELLEES' PETITION FOR REHEARING**

Jason W. Anderson, WSBA No. 30512
Rory D. Cosgrove, WSBA No. 48647
Isaac C. Prevost, WSBA No. 55629 (*9th Cir. pending*)
CARNEY BADLEY SPELLMAN, PS
701 Fifth Avenue, Suite 3600
Seattle, Washington 98104-7010
(206) 622-8020
*Attorneys for Amicus Curiae UAW Local 4121*

## I. INTEREST OF AMICUS CURIAE

UAW Local 4121 is the labor union representing academic student employees, postdoctoral scholars, and research scientists and engineers at the University of Washington's Seattle, Tacoma, and Bothell campuses. Its approximately 9,000 bargaining-unit employees include research assistants, teaching assistants, tutors, graders, fellows, trainees, postdoctoral scholars, and researchers. These workers perform much of the University's teaching, grading, research, and student-facing work. For over twenty years, UAW has represented workers whose labor sustains the University's core educational and research missions. The union is grounded in a simple principle: the University works because its academic workers do, and those workers are entitled to dignity in their workplaces.

UAW has a direct and substantial interest in this case because protecting dignity, including freedom from harassment, discrimination, and intimidation, is among the most significant and frequently enforced aspects of its collective bargaining agreements. Academic workplaces operate under steep power differentials. Student employees and research staff rely on faculty not only for supervision, but also for grades, evaluations, funding, authorship, and future recommendations. That dependence makes it harder to raise concerns, voice disagreement, or report misconduct without fear of retaliation or lasting professional

harm. Faculty function as managers within classrooms, laboratories, and research groups. Each of those settings is a workplace. When courts discount the perspectives of student employees and research staff who experience intimidation or chilling effects in those workplaces, enforcement of contractual protections that safeguard dignity becomes far more difficult.

UAW also has a strong interest in how academic freedom is understood in practice. For the union's members, academic freedom depends on a workplace free from harassment and coercion, where individuals can teach and conduct research without being marginalized or pushed out for raising concerns. Dignity is not in tension with academic freedom. It is a precondition for it. Collective bargaining agreements that protect employees from discrimination and intimidation promote healthier academic environments for workers, students, and the broader university community. Those protections support, rather than undermine, the educational mission and the conditions under which meaningful teaching and research can occur.

## II. MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE UAW LOCAL 4121 IN SUPPORT OF APPELLEES' PETITION FOR REHEARING

UAW Local 4121 moves under Federal Rule of Appellate Procedure 29(a)(2) for leave to file the accompanying amicus curiae brief in support of Appellees' petition for rehearing. Appellees have represented that they will not oppose this

motion. Appellant stated that he "does not take a position" on this motion but declined to represent that it would be unopposed.

UAW's brief addresses three points for the Court's consideration: (1) the collective-bargaining agreement between UAW and the University ensures protections for student employees in the workplace; (2) the majority opinion failed to consider the workplace concerns raised by student employees and the resulting union grievances as distinct bases for addressing Reges's conduct; and (3) the majority also failed to consider the University's obligation to respond to the union grievances when analyzing the University's legitimate interests under *Pickering v. Board of Education*, 391 U.S. 563 (1968).

For these reasons, the Court should grant this motion and accept UAW's proposed amicus curiae brief.

Respectfully submitted: February 27, 2026.

> CARNEY BADLEY SPELLMAN, PS
>
> By <u>s/ Jason W. Anderson</u>
> Jason W. Anderson, WSBA No. 30512
> Rory D. Cosgrove, WSBA No. 48647
> Isaac C. Prevost, WSBA No. 55629
>   (*9th Cir. pending*)
> *Attorneys for Amicus Curiae UAW Local 4121*

3

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 29(d) and 32(a)(7)(C), I certify that this brief is proportionately spaced with one inch margins on all four corners with a total of 494 words.

*s/ Jason W. Anderson*
Jason W. Anderson, WSBA No. 30512
*Attorneys for Amicus UAW Local 4121*

Dated: February 27, 2026.

UAW001-0001 8231335

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*s/ Jason W. Anderson*
Jason W. Anderson, WSBA No. 30512
*Attorneys for Amicus Curiae UAW Local 4121*

Dated: February 27, 2026.